**E-Filed 2/4/2009**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL COREN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE ENTERTAINMENT, INC. a Delaware Corporation; LAVALIFE, INC. A Delaware Corporation; VERISIGN, INC. A Delaware corporation | Case Number C 08-05264 JF (PVT)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Re: Docket No. 6] |

Defendants Lavalife, Inc. and Mobile Entertainment, Inc. (collectively "MEI Defendants") move for an order pursuant to Fed. R. Civ. P. Rule 12(e) directing Plaintiff Miguel Coren to provide a more definite statement of the claims asserted in his Complaint.

### I.  BACKGROUND

On October 16, 2008, Plaintiff Miguel Coren filed the instant putative class action in the Superior Court for the County of Santa Clara.  On November 20, 2008, MEI Defendants removed

the case to this Court.[1]

Plaintiff alleges that MEI Defendants are "mobile content providers" that create and distribute, among other things, music ringtones, wallpapers, games and news. Compl.at ¶¶ 2-3. Plaintiff claims when a consumer purchases content from a mobile content provider, the content provider forwards the consumer's cell phone number along with the amount to be charged to a billing aggregator such as Defendant Verisign, Inc. Compl. at ¶ 12. The aggregator, in turn, instructs the relevant cellular carrier to add the charge to the bill associated with that cell phone. Compl. at ¶ 12). The Compliant alleges, *inter alia*, that Defendants committed fraud by charging consumers unwanted and unauthorized mobile content services. Compl. at ¶¶ 52-77. The Complaint does not set forth the Plaintiff's cell phone number.

MEI Defendants assent that their customer records are maintained with reference to the customer's cell phone number. Osmak Aff. at ¶ 2. MEI Defendants cannot investigate a customer record without the phone number. Osmak Aff. at ¶ 2. MEI Defendants ask that the Court require Plaintiff to amend to provide his cell phone number.

## II.  MOTION FOR MORE DEFINITE STATEMENT

**A.  Legal Standards**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "Whether to grant a Rule 12(e) motion is within the discretion of the trial court." *Babb v. Bridgestone/Firestone*, 861 F. Supp. 50, 52 (M. D. Tenn., 1993). However, "[s]uch motion [is] not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." *Resolution Trust Corp. V. Dean*, 854 F. Supp. 626, 629 (D. Ariz. 1994) (citing *A.G. Edwards & Sons, Inc. V. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz. 1989)). "[The motion] should not be granted unless the defendant cannot frame a

---

[1] On December 22, 2008, Plaintiff filed a motion seeking remand. That motion is set for hearing on March 6, 2009.

1  responsive pleading." *Falamore, Inc. V. Edison Bros. Stores, Inc.*, 525 F. Supp. 940 (E.D. Cal.
2  1981).

3  **B. Analysis**

4  Plaintiff argues that he has met the Rule 8(a) pleading requirement and that the missing
5  cell phone number may be obtained during discovery. Pl's Mot. at 4:13-14.  Plaintiff further
6  argues that Defendants can obtain the cell phone number from their business partners and that it
7  is not incumbent upon Plaintiff to do Defendants' investigation for them.  Pl's Mot. at 4:6-11.
8  However, while Rule 8(a) requires only a short and plain statement of the claim, it still requires
9  the identification of the plaintiff. Without the cell phone, MEI Defendants cannot determine
10 whether Plaintiff is a valid customer and cannot frame a response.

## III. ORDER

12 Good cause having been shown,  IT IS HEREBY ORDERED that within thirty (30) days
13 of this order, Plaintiff shall amend the complaint to include the cell phone number that allegedly
14 was charged without his authorization.

16 **IT IS SO ORDERED.**

18 DATED: 2/4/09

_____
JEREMY FOGEL
United States District Judge

3

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFEX1)

1  This Order was served on the following persons:

2  Alan Himmelfarb    Consumerlaw1@earthlink.net

3  Karen Rosenthal    rosenthalk@gtlaw.com, sandiferc@gtlaw.com

4  William J. Goines    goinesw@gtlaw.com, sandiferc@gtlaw.com

5  Cindy Hamilton
   Greenberg Traurig, LLP
6  1900 University Avenue
7  5th Floor
   East Palo Alto, CA 94303

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFEX1)