**E-Filed 3/19/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL COREN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE ENTERTAINMENT, INC. a Delaware Corporation; LAVALIFE, INC. A Delaware Corporation; VERISIGN, INC. A Delaware corporation | Case Number C 08-05264 JF (PVT)<br><br>**ORDER[1] GRANTING MOTION FOR REMAND**<br><br>[Re: Docket No. 9] |

Plaintiff Coren ("Coren") moves to remand the instant action to the Santa Clara Superior Court. The Court has read the moving papers and has considered the oral arguments presented at the hearing. For the reasons set forth below, the motion will be granted.

### I.  BACKGROUND

On October 16, 2008, Coren filed a putative class action complaint ("Compliant") in the Santa Clara Superior Court against Defendants Mobile Entertainment, Inc.("MEI"), Lavalife, Inc.("Lavalife"), and Verisign, Inc.

---

[1] This disposition is not designated for publication in the official reports.

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION REMAND
(JFEX1)

Coren claims that Defendants MEI and Lavalife (collectively "Defendants") are "mobile content providers" that create and distribute, among other things, music ringtones, wallpapers, games and news. Compl. ¶¶ 2-3. Coren further claims that when a consumer purchases content from a mobile content provider, the content provider forwards the consumer's cell phone number along with the amount to be charged to a billing aggregator such as Defendant Verisign, Inc. Compl. at ¶ 12. The aggregator, in turn, instructs the relevant cellular carrier to add the charge to the bill associated with that cell phone. Compl. at ¶ 12. Coren alleges, *inter alia*, that Defendants committed fraud by charging consumers for unwanted and unauthorized mobile content services. Compl. at ¶¶ 52-77. Coren seeks recovery for economic, monetary, actual, consequential and compensatory damages, exemplary damages, attorneys' fees and, pre- and post-judgment interest, as well as injunctive relief. Compl. at 15-16. The Complaint does not state the amount of the requested recovery.

On November 20, 2008, Defendants removed the case to this Court. In their notice of removal, Defendants alleged that this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). On December 22, 2008, Coren filed the instant motion to remand.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and cost, and is a class action [with minimal diversity]." 28 U.S.C. § 1332(d)(2). "[U]nder § 1332(d)(6), the claims of class members are aggregated to determine whether the amount in controversy exceeds $5,000,000." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684

2

(9th Cir. 2006). When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $5 million. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### III. ANALYSIS

A. Compensatory Damages

Defendants argue that the amount in controversy should include MEI's revenue for the entire period in which it engaged in mobile content distribution.[2] During that period, MEI sold ringtones subscriptions to approximately 248,500 new customers, earning approximately $9,500,000 in revenue. Duke Decl. ¶ 4. Defendants cite *Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir. 2008) in support of their argument. In *Spivey*, the complaint alleged that Spivey's credit card was charged without authorization and that Vertrue's practices were common to all class memebers. *Id*. at 985. The complaint also alleged that making unauthorized charges was a standard practice at Vertrue. *Id*. The court held that the allegations put into controversy the propriety of all of Vertrue's charges. *Id*. at 985-86. Defendants argue that the Complaint puts their revenue in controversy because the it alleges that Defendants "routinely process charges for mobile content that have not been authorized by the charged party" and "have for years been systematically, repeatedly and without authorization, billing their customers for purchase of products and services no agreed to by those customers." Compl. ¶¶ 17, 19. Defendants argue because the allegation essentially is aimed at MEI's standard content delivery and billing system, it follows that as in *Spivey*, the entire revenue should be included in the amount in controversy. However, the Court concludes that Defendants characterize the Complaint too broadly. The Complaint alleges only that the Defendants' billing process increases the likelihood of false charges to the consumers. *See* Compl. ¶ 16. Moreover, the Complaint defines the class to include only "wireless telephone subscribers who suffered losses or damages as a result of MEI

---

[2] MEI claims that it engaged in the text message business with ringtones for eighteen months, from July 2006 through December 2007. Duke Decl. ¶ 6.

billing for mobile content products and services not authorized by subscriber." Comp. ¶ 42. The claim thus includes only *unauthorized charges*, not *all revenues* from *all customers*.

B.  Punitive Damages

    Defendants argue that punitive damages should be included when determining the amount in controversy. While Defendants are correct as to the applicable legal principle, their argument is not dispositive in the instant dispute. An award of punitive damages necessarily is related to the amount of compensatory damages awarded. As discussed above, the amount of compensatory damages to which the class may be entitled is too speculative to be determined. Adding punitive damages to the equation only increases the speculation.

C.  Attorneys' Fees

    The parties agree that attorneys' fees should be included in the amount in controversy, but they disagree as to the proper estimation of the potential fees in this case. Coren contends that "the proper estimate of attorneys' fees is the amount of fees incurred up until the time of removal." Pl. Mot. at 9:4-5. Defendants argue that attorneys' fees should be "the amount [Coren] reasonably could recover if all of the facts are proven true and the law supports [Coren's] claims as alleged." Def. Mot. at 11:19-21. Because Defendants cannot meet their burden even if the amount in controversy were to include all of Coren's attorneys' fees, the Court need not address this question. Moreover, even assuming that a reasonable estimation of potential damages could be reached at this time, Defendants do not offer any showing as to how the attorneys' fees based on such damages would be calculated.[3]

### III. ORDER

    For the reasons discussed above, IT IS HEREBY ORDERED that the motion for remand is GRANTED.

---

[3] Defendants' moving papers suggest that the attorneys' fees could be as high as twenty-five percent of the damages. Def. Mot. at 11:23. However, Defendants do not explain how they arrived at that percentage.

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION FOR REMAND
(JFEX1)

1  **IT IS SO ORDERED.**

3  DATED: 3/19/09

```
_____
JEREMY FOGEL
United States District Judge
```

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION FOR REMAND
(JFEX1)

1 | This Order was served on the following persons:

2 | Alan Himmelfarb     Consumerlaw1@earthlink.net

3 | Karen Rosenthal     rosenthalk@gtlaw.com, sandiferc@gtlaw.com

4 | William J. Goines     goinesw@gtlaw.com, sandiferc@gtlaw.com

5 | Cindy Hamilton
Greenberg Traurig, LLP
6 | 1900 University Avenue
5th Floor
7 | East Palo Alto, CA 94303

6

Case No. CV 08-05264 JF (PVT)
ORDER GRANTING MOTION FOR REMAND
(JFEX1)